UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

**DALE and JENNIFER HARRIS, as Parents of RNH,**[1]
    **Plaintiffs,**

**v.**

**MARGARET ADAMS, KATHRYN ROBERTS, RICHARD SWANSON, NICOLE NOSEK, SUSAN PETRIE, ANDREW HOEY, KAREN SHAW, JOHN BUCKEY, and TOWN OF HINGHAM SCHOOL COMMITTEE**
    **Defendants.**

                                  **Civil Action No.:**

                                    **1:24-CV-12437-WGY**

_____

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Now Come the Plaintiffs, pursuant to Rule 65 Fed. R. Civ. P. and move this Honorable Court to issue a preliminary injunction forthwith.  To obtain preliminary injunctive relief, the Plaintiffs must satisfy a fourfold inquiry: "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." See Together Emps. v. Mass Gen. Brigham Inc., 32 F. 4th 82, 85-86 (2022) (1st Cir.) citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008); see also  See Packaging Industries Group v. Cheney, 380 Mass. 609, 617 (1980).

This case is believed to be one of first impression regarding arbitrary and capricious discipline imposed and the fallout from that discipline following the Plaintiff Student's use of artificial intelligence on a school project, including arbitrary grading and culminating in the non-

---

[1] RNH is a minor.  See Fed. R. Civ.P. 5.2

1

selection of the Plaintiff Student from National Honor Society because of this alleged academic integrity violation that was not previously proscribed or even addressed by the Student Handbook.

At the time, the Hingham High School Student Handbook (the "Handbook") did not proscribe the use of artificial intelligence, nor did the Handbook have any established rules, policies or procedures for not only the use of artificial intelligence, but what any administrators, faculty or students should do when encountering its use.

During the investigation, the Plaintiffs learned, for the first time, that the Defendants previously inducted seven students, including one who had previously used artificial intelligence, into the National Honor Society, despite records of academic integrity infractions. The preliminary injunction record will show the Plaintiffs are likely to succeed on the merits due to a palpable pattern of arbitrary and capricious decision making, differential and biased treatment, threats, intimidation and coercion.

The Plaintiff Student will suffer irreparable harm that far outweighs any harm that may befall the Defendants. He is applying to elite colleges and universities given his high level of academic and personal achievement. Early decision and early action applications in a highly competitive admissions process are imminent and start in earnest on October 1, 2024. Absent the grant of an injunction by this Court, the Student will suffer irreparable harm that is imminent. The balancing of this harm against any harm that may befall the Defendants heavily favors the Plaintiffs. Moreover, based on the facts in this record and the substantial questions regarding the integrity of the imposition of discipline and severe academic sanctions not based on written, established and known policies cuts in favor of serving the wider public interest by the grant of the injunction.

WHEREFORE, for the foregoing reasons, the Plaintiffs respectfully request the Court issue a preliminary injunction and that the injunction specifically state and order the following relief:

A) To enter an immediate order enjoining and ordering the Defendants to immediately repair, restore and rectify Plaintiff Student's letter grade in Social Studies to a grade of "B" and that the Court order the expungement of any grade, report, transcript entry or record of discipline imposing any kind of academic sanction as set forth in the Verified Complaint.

B) To enter an immediate order enjoining and ordering the Defendants to cease and desist from characterizing the use of artificial intelligence by the Plaintiff Student as "cheating" or classifying such use as an "academic integrity infraction" or "academic dishonesty" as the Student Handbook in effect at the time did not include any prohibition of the use of AI for anyone nor did the Student Handbook put the Plaintiff Student on notice of any expectations regarding the use of AI or consequences of discipline under the Code of Conduct that was silent on the use of artificial intelligence.

C) To enter an order enjoining and ordering the Defendants to exclude any zero grade from grade calculations for the subject assignment and to amend and change any student records detrimental to the Plaintiff Student arising from this incident including but not limited to grade books, on-line grading programs such as Aspen or other like programs, transcripts, permanent school records and the like.

D) To enter an order enjoining an ordering the Defendants to cease and desist from continuing to bar the Plaintiff Student from being inducted into the National Honor Society and that he be retroactively appointed and inducted immediately and without further delay.

E) To enter an order enjoining and ordering the Defendants from continuing to withhold the information requested by the Plaintiffs in the demand letter dated May 22, 2024; and

F) To enjoin and order the Defendants to undergo training in the use and implementation of artificial intelligence in the classroom, schools and educational environment by a duly qualified third party not employed by the District; and

G) To enter an order that provides other equitable and injunctive relief that is just and proper.

## **REQUEST FOR HEARING**

The Plaintiffs request oral argument on this motion.

Respectfully submitted,

DALE and JENNIFER HARRIS, as Parents of RNH,

By their attorneys,

FARRELL LAVIN, PLLC

*Peter S. Farrell*
_____
Peter S. Farrell (BBO No.: 656512)
46 Railroad Avenue, Suite 204
Duxbury, MA 02332
(781) 236-3620
pfarrell@farrelllavin.com

Date: October 8, 2024

## **CERTIFICATE OF SERVICE**

I, Peter S. Farrell, hereby certify that I served a copy of the foregoing on all counsel of record pursuant to Local Rule 5.4(c) by causing a copy of the same to be electronically filed and served through the CM/ECF filing system to:

Gareth W. Notis, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
gnotis@morrisonmahoney.com

_Peter S. Farrell_
Peter S. Farrell