UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

**DALE and JENNIFER HARRIS, as Parents of RNH**
    **Plaintiffs,**

**v.**

**MARGARET ADAMS, KATHRYN ROBERTS,**
**RICHARD SWANSON, NICOLE NOSEK, SUSAN PETRIE,**
**ANDREW HOEY, KAREN SHAW, JOHN BUCKEY, and**
**TOWN OF HINGHAM SCHOOL COMMITTEE**
    **Defendants.**

        **Civil Action No.:**

        **1:24-CV-12437-WGY**

_____

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL AND IMPOUND CONFIDENTIAL STUDENT RECORDS**

NOW COMES the Plaintiffs, Dale and Jennifer Harris, on behalf of their minor son, RNH ("Student"), hereinafter the "Plaintiffs," pursuant to Local Rule 7.2(a) and moves the Court to seal and impound Exhibits 1 through 9 of the Plaintiff's Motion for Preliminary Injunction and to issue an order ordering none of the Parties to disclose any facts of the case or documents to the public absent further order of this Court.

**I.**    **INTRODUCTION**

In particular, the Plaintiffs seek to impound and seal the written materials for the classroom assignment (Ex. 1); the student work at issue (Ex. 2); the demand letter dated May 22, 2024 that contains identifying student information other than the Plaintiff Student and of individuals who are not party to this action (Ex. 3); email communications between counsel for the parties (Ex. 4-8) and the findings, report and notes of the District's "Bullying Investigation" by faculty and staff at Hingham High School that necessarily includes identifying information of students and people who are not targets of the investigation and who are not parties to this action (Ex. 9). The Verified

Complaint itself may be filed and docketed and does not include the level of detail of these materials.

## II. LEGAL STANDARD ON IMPOUNDMENT[1]

Rule 2 of the Uniform Rules of Impoundment Procedure states:

**(1) Motion.** Any party or interested nonparty may file a written motion for impoundment of a portion or all of the case record in any judicial proceeding. The motion shall describe with particularity (i) the material sought to be impounded, (ii) the duration for which impoundment is sought, (iii) the reasons impoundment is necessary, and (iv) the reasons other alternatives to impoundment will not afford adequate protection. The movant shall include proposed findings and a proposed order, conforming to URIP Rule 8, with the motion.

**(2) Affidavit.** A motion for impoundment shall be accompanied by an affidavit in support thereof. Unless otherwise provided herein, the rules governing motions and affidavits in civil or criminal proceedings generally shall apply to requests for impoundment.

**(3) Public Nature of Motion and Affidavit.** The clerk shall enter the motion and affidavit on the case docket. Unless the court impounds the motion and affidavit by separate order, they remain publicly available documents.

---

[1] This is the standard, other than Local Rule 7.2(a) under which the impounded documents were filed under seal in a separate sealed envelope when the case was filed.

III. **LEGAL ARGUMENT**

    A. **THE SUBJECT DOCUMENTS ARE PROTECTED FROM DISCLOSURE BY LAW**

The Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99) is a Federal law that protects the privacy of student education records. The law applies to all schools that receive funds under an applicable program of the U.S. Department of Education.

The documents may be available to the parties but must be shielded from public view. The Verified Complaint may be docketed and available in the public view.

IV. **CONCLUSION**

The Court should exercise its broad discretion and allow the within motion to impound and seal Exhibits 1 through 9 pursuant to FERPA and the Court's general superintendence powers over its docket and the cases before the Court.

WHEREFORE, for the forgoing reasons, the Board respectfully requests the following relief:

1) That the Court impound and seal Exhibits 1 through 9 of the Plaintiff's Motion for Preliminary Injunction;

2) That the Court segregate and maintain Exhibits 1 through 9 of the Plaintiff's Motion for Preliminary Injunction separate and apart from the publicly available case file;

3) That the Court conduct an *in camera* review of the subject documents and then return said documents to the Plaintiff upon the disposition of the Motion for Preliminary Injunction; and

4) That the Court enter any other orders that it deems appropriate considering the circumstances and within the Court's sound discretion.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | DALE and JENNIFER HARRIS, as Parents of RNH |
|  | By their attorney, |
|  | *Peter S. Farrell* |
|  | _____ |
|  | Peter S. Farrell (BBO No.: 656512) |
|  | 46 Railroad Avenue, Suite 204 |
| Date: October 8, 2024 | Duxbury, MA 02332 |
|  | (781) 236-3620 |
|  | pfarrell@farrelllavin.com |

## CERTIFICATE OF SERVICE

I, Peter S. Farrell, hereby certify that on this 8th day of October, 2024, I served a copy of the foregoing on all counsel of record pursuant to Local Rule 5.4(c) by causing a copy of the same to be electronically filed and served through the CM/ECF filing system to:

Gareth W. Notis, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
gnotis@morrisonmahoney.com

*Peter S. Farrell*
Peter S. Farrell